IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

SHOSHONE-BANNOCK TRIBES )
OF THE FORT HALL )    Case No.  CV-02-009-E-BLW
RESERVATION, et al., )
 )
           Plaintiffs, )
 )    **MEMORANDUM DECISION**
    v. )    **AND ORDER**
 )
GALE E. NORTON, et al., )
 )
           Defendants. )
_____ )

## INTRODUCTION

The Court has before it Plaintiff's Motion for Class Certification (Docket

No. 38).  The Court held oral argument on the motion on September 12, 2005.  At

the hearing, the Court asked counsel for additional briefing on the matter.  The

motion has now been fully briefed, and the Court issues the following

memorandum decision and order.

## BACKGROUND

Plaintiffs in this matter are members of the Shoshone-Bannock Tribes of the

Fort Hall Reservation (the "Tribes") in Southeast Idaho.[1]  The United States

_____

[1] Although the Complaint names the Tribes, as well as individual members
of the Tribes, as a plaintiffs in this action, counsel for Plaintiffs indicated at oral
argument that the Tribes themselves are not plaintiffs.

Government, through the Bureau of Indian Affairs ("BIA") holds certain lands on the Fort Hall Reservation in trust for the benefit of Plaintiffs and other individual tribal members. The lands are leased out, and annually, by December 1, the lessees pay the BIA lease rental income. The collected payments are then paid to the tribal members, including Plaintiffs, as lease income checks, typically no later than December of each year.

In 2001, the court in *Cobell v. Norton*, Case No. 1:96 VC 01285 RCL ordered the United States Department of Interior to disconnect its computer system. This resulted in delayed lease payments to Plaintiffs and other tribal members. In January, 2002, Plaintiffs sought a mandamus order to compel immediate distribution of the lease income, plus interest and damages. Plaintiffs also moved for injunctive relief. However, by July, 2002, Plaintiffs and the other members of the Tribes had received substantially all of the lease income, plus interest. Plaintiffs subsequently withdrew their motion for injunctive relief and filed an Amended Complaint asserting a single claim for breach of trust.

Thereafter, Plaintiffs moved to have a class certified on behalf of all persons owning an interest in land on the Fort Hall Reservation who received late lease income checks for the year 2001. That motion is now before the Court.

## ANALYSIS

Plaintiffs have the burden of establishing whether the proposed class

satisfies the four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation.  *See Hanlon v. Chrysler Corporation*, 150 F.3d 1011 (9th Cir. 1998).  Additionally, Plaintiffs must show that the action is maintainable under Fed.R.Civ.P. 23(b)(1), (2) or (3).  *Hanlon*, 150 F.3d at 1022.

## A.    Requirements of Rule 23(a)

### 1.    Numerosity

Turning first to the requirements of 23(a).  The first requirement, numerosity, is satisfied if "the class is so large that joinder of all members is impracticable."  Fed.R.Civ.P. 23(a)(1).  The leading treatise on class actions states that "when the class is very large, for example, number in the hundreds, joinder will be impracticable; but in most cases, the number that will, in itself, satisfy the Rule 23(a)(1) prerequisite should be much lower."  1 *Newberg on Class Actions*, § 3:5 (4th. ed. 2004).  Geographical diversity of the class should also be considered in determining whether the numerosity requirement is met.  *See Jordan v. County of Los Angeles*, 669 F.2d 1311 (9th Cir. 1982), *vacated and remanded on other grounds*, 459 U.S. 810 (1982).  Still, "the difficulty in joining as few as 40 class members should raise the presumption that joinder is impracticable, and the plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone."  1 *Newberg on Class Actions*, § 3:5 (4th. ed. 2004).

Here, all potential class members reside at the Fort Hall Reservation in Southeast Idaho.  Thus, geographical diversity does not appear to impede joinder.  However, the proposed class numbers in the thousands, approximately 2000, clearly enough to presume joinder is impracticable.  Under these circumstances, the Court finds that the sheer number of the proposed class, even with the relatively minor geographical diversity, fulfills the numerosity requirement.

**2.     Commonality**

The second requirement, commonality, is sufficient "if there are questions of fact and law which are common to the class."  Fed.R.Civ.P. 23(a)(2).  The commonality preconditions of Rule 23(a)(2) are less rigorous than the companion requirements of Rule 23(b)(3), addressed below.  *See Hanlon*, 150 F.3d at 1019.  Indeed, Rule 23(a)(2) has been construed permissively.  *Id.*  All questions of fact and law need not be common to satisfy the rule: "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class."  *Id.*

Plaintiffs claim that they and the proposed class share the essential common legal question of whether Defendants breached a duty of trust.  Defendants disagree, suggesting that the only remaining questions relate to whether the late payment of lease income was the proximate cause of consequential damages.  Such determinations, Defendants contend, are fact specific and uncommon to each other.

Although Defendants concede that the lease payments were late, they do not concede that Defendants breached a duty of trust. That determination is still at issue in this case. Moreover, while the potential damages suffered by each class member will likely differ, the critical question of whether Defendants breached a duty of trust is common to all class members. The Court therefore finds that Plaintiffs have met the commonality requirement under the permissive standard of Rule 23(a)(2).

### 3.   Typicality

The third requirement, typicality, is fulfilled if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed.R.Civ.P. 23(a)(3). Under Rule 23(a)(3), "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.

Again, although the question of damages will likely differ for each class member, the significant question of whether Defendants breached a duty of trust is the same for Plaintiffs and the proposed class members. Thus, Plaintiffs' claims are co-extensive with those of the absent class members. Plaintiffs have therefore met the typicality requirement.

### 4.   Adequacy of Representation

The fourth requirement of Rule 23(a) is that "the representative parties will

fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4).  To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of a judgment which binds them.  *Hanlon*, 150 F.3d at 1020.  Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?  *Id. (citing Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978)).

There does not appear to be a conflict of interest between the interests of the named plaintiffs and their counsel and the interests of the other class members. Although Defendants voiced a concern about a conflict of interest between the Tribes and the individuals, Plaintiffs have clarified that the Tribes are not plaintiffs in this action.  Thus, any conflict of interest related to the Tribes is moot.  No other conflicts are apparent.

With regard to whether the named plaintiffs and their counsel will prosecute the action vigorously on behalf of the class, the Court finds that for the purpose of determining whether Defendants breached a duty of trust, Plaintiffs have met their burden.  Although Defendants take issue with the named Plaintiffs' shortcomings regarding potential damages, the Court need not resolve those issues in determining whether Defendants breached a duty of trust.  Furthermore,

Defendants argument that Plaintiffs' only claim is for consequential damages is not altogether accurate.  While Plaintiffs agree that the case might not proceed as a class action on the damages issue, they maintain that their sole claim for relief is based on breach of trust.  It is also apparent that Plaintiffs and their counsel understand the legal theories of that claim and have vigorously pursued it thus far. Moreover, Plaintiffs' counsel has a reputation for zealously representing members of the Fort Hall Reservation on legal matters.  Accordingly, Plaintiffs have fulfilled the requirements of Rule 23(a)(4), at least with respect to the liability issue.

## B.    Requirements of Rule 23(b)

The Court next turns to the requirements of Rule 23(b).  As noted above, in addition to the prerequisites of Rule 23(a), parties seeking class certification must show that the action is maintainable under Fed.R.Civ.P. 23(b)(1), (2) or (3). *Hanlon*, 150 F.3d at 1022.  Plaintiffs assert arguments under each subsection.

First, Rule 23(b)(1) states that an action may be maintained as a class action if the prosecution of separate actions by or against individual members of the class would create a risk of "(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially

impair or impede their ability to protect their interests."

With respect to 23(b)(1)(A), Defendants properly point out that it applies primarily to actions involving declaratory or injunctive relief.  *Green v. Occidental Petroleum Corp.*, 541 F.2d 1335, 1340 (9th Cir. 1976).  Likewise, as to 23(b)(1)(B), Defendants correctly assert that this section typically applies to cases where a unity of decision is essential, such as many claims for a limited fund.  *Id.* In this matter, Plaintiffs are not seeking declaratory or injunctive relief, and there is no limited fund.  Thus, Plaintiffs have not satisfied the requirements of 23(b)(1).

Second, Rule 23(b)(2) states that a class action may be maintained if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.  Rule 23(b)(2) does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages.  Fed.R.Civ.P. 23(b)(2) Adv. Comm. Notes (1966 amendment).  Although Plaintiffs initially sought injunctive relief in this matter, that is no longer the case.  Plaintiffs currently seek only monetary damages. Therefore, Rule 23(b)(2) does not apply.

Having not met the requirements of Rule 23(b)(1) or (2), Plaintiffs must meet the requirements of Rule 23(b)(3) in order to obtain certification of a class. Pursuant to Rule 23(b)(3), a court may certify a class if it first determines that the

questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 608 (1997).  This analysis presumes the existence of common issues of fact or law; thus, the presence of commonality alone is not sufficient to fulfill Rule 23(b)(3).  *Hanlon*, 150 F.3d at 1022.  In contrast to Rule 23(a)(2), Rule 23(b)(3) focuses on the relationship between the common and individual issues.  *Id.*

With respect to liability, the only issue pending in this case is whether Defendants breached a duty of trust.  This issue is common to all proposed class members.  Clearly, then, the common issue predominates over any individual issues.

Additionally, class resolution of whether Defendants breached a duty of trust is superior to other available methods for the fair and efficient adjudication of the controversy.  Such a determination involves comparing the class resolution with alternative mechanisms of dispute resolution such as individual claims.  *See Hanlon*, 150 F.3d at 1023.  In this case, if the Court did not certify this action, each plaintiff would be required to establish the same breach of trust claim on an

individual basis, which would "unnecessarily burden the judiciary." *Id.*
Additionally, many individuals would be forced to forego their claim due to
limited resources.  Class resolution is therefore the superior method of
adjudication.  For these reasons, Plaintiffs have met their burden under Rule
23(b)(3).

## C.    Certification

Based on the above analysis, the Court finds that Plaintiffs have met their
burden under Rules 23(a)(1-4) and 23(b)(3).  The Court will therefore certify a
class in this matter and define that class as follows: All persons who own or owned
an interest in land on the Fort Hall Reservation who received late lease income
checks from the BIA and/or Defendants for the calendar year 2001.

As the Court stated throughout its decision above, however, while the
question of whether Defendants breached a duty of trust is clearly common to all
potential class members, the question of damages is likely to be specific to the
individual.  Rule 23(c)(4) states that "an action may be brought or maintained as a
class action with respect to particular issues."  "[T]he action may retain its 'class'
character only through the adjudication of liability to the class; the members of the
class may thereafter be required to come in individually and prove the amounts of
their respective claims."  Fed.R.Civ.P. 23(c)(4) Adv. Comm. Notes (1966
amendment).  Thus, the Court will certify the class for purposes of determining

whether Defendants breached a duty of trust.  Once that issue has been determined, the Court will decide whether or not to decertify the class and require members of the class to come in individually and prove the amounts of their respective claims.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Motion for Class Certification (Docket No. 38) shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED, that the following class of plaintiffs is hereby certified: All persons who own or owned an interest in land on the Fort Hall Reservation who received late lease income checks from the BIA and/or Defendants for the calendar year 2001.

IT IS FURTHER ORDERED, that Darcy Martin, Erma McKie, Gail Martin, Taryn Shoyo and Adrian Seaman, are appointed as class representatives pursuant to Rule 23.[2]

IT IS FURTHER ORDERED, that Echohawk Law Offices be appointed as counsel for the class.

IT IS FURTHER ORDERED, that because the Court certified the class pursuant to Rule 23(b)(3), counsel shall meet together and agree on the form of

---

[2] Counsel for Plaintiffs acknowledged at oral argument that Virgil Tendoy should not be a class representative.  Accordingly, the Court will not appoint him as a class representative.

notice required by Rule 23(c)(2)(B).   Because this matter has been pending far too long, counsel are directed to meet as soon as possible and resolve the form of notice as expeditiously as possible.

DATED:  **September 27, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court