IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHOSHONE-BANNOCK TRIBES OF THE FORT HALL RESERVATION, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br>  Defendants. | Case No. CV-02-009-E-BLW <br><br> MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it Defendants' Motion for Summary Judgment (Docket No. 116). The Court heard oral argument on the motion on October 4, 2006 and now issues the following opinion.

## BACKGROUND

Plaintiffs are members of the Shoshone-Bannock Tribes of the Fort Hall reservation who receive farm lease income annually. Plaintiffs' claims stem from the court-ordered shutdown of the Department of Interior's computer system in 2001, which resulted in late payments to Plaintiffs for their farm lease income for calendar year 2002.

**Memorandum Decision and Order - 1**

After several failed attempts to settle the case, the Court certified the case as a class action on September 27, 2005. Defendants now seek summary judgment based on lack of jurisdiction.

## ANALYSIS

Jurisdiction over any suit against the United States requires a clear statement from the United States waiving sovereign immunity. *See United States v. White Mountain Apache Tribes*, 537 U.S. 465, 472 (2003). The consent to be sued must be unequivocally expressed. *Id*. The Tucker Act contains such a waiver, "giving the Court of Federal Claims jurisdiction against the United States founded either upon the Constitution, or any Act of Congress." *Id*. Its companion statute, the Indian Tucker Act, "confers a like waiver for Indian tribal claims that otherwise would be cognizable in the Court of Federal Claims if the claimant were not an Indian tribe." *Id*. (internal quotations and citations omitted). However, neither Act, "creates a substantive right enforceable against the Government by a claim for money damages." *Id*.

To state a claim under the Indian Tucker Act "a Tribe must identify a substantive source of law that establishes specific fiduciary or other duties, and allege that the Government has failed faithfully to perform those duties." *United States v. Navaho Nation*, 537 U.S. 488, 506 (2003). "If that threshold is passed,

**Memorandum Decision and Order - 2**

the court must then determine whether the relevant source of substantive law can be interpreted as mandating compensation for damages sustained as a result of a breach of the duties the governing law imposes." *Id*. (internal quotations and citations omitted).  A general trust relationship between the United States and the Indian people can reinforce a conclusion that a relevant statute or regulation imposes fiduciary duties, but that general trust relationship alone is insufficient to support jurisdiction under the Indian Tucker Act.  *Id*.  "Instead, the analysis must train on specific rights-creating or duty-imposing statutory or regulatory prescriptions.  Those prescriptions need not, however, expressly provide for money damages; the availability of such damages may be inferred."  *Id*.  (internal quotations and citations omitted).

To meet their burden, Plaintiffs reference certain statutes and regulations, including 25 U.S.C. §§ 403 and 25 C.F.R. Part 162, as creating a specific duty on the part of the Government.  The Government agrees that 25 U.S.C. § 403 provides for short-term leasing of Indian allotments and requires proceeds of leased land to go to the allottee.  The Government also agrees that 25 C.F.R. Part 162 provides regulations regarding the terms and conditions under which such lands may be leased.  The Government argues, however, that neither provision creates a money-mandating duty to make the distribution of lease income within a prescribed time,

**Memorandum Decision and Order - 3**

which is the premise of Plaintiffs' breach of trust claim.

Plaintiffs point to 25 C.F.R. § 162.108 as authority obligating Defendants to ensure the prompt distribution of lease payments to Indian beneficiaries. In relevant part, 25 C.F.R. § 162.108 states, "We will ensure that tenants meet their payment obligations to Indian landowners, through the collection of rent on behalf of the landowners and the prompt initiation of appropriate collection and enforcement actions."

The fiduciary relationship between the United States and Indians was extensively addressed in *United States v. Mitchell*, 445 U.S. 535 (1980) ("*Mitchell I*"), and *United States v. Mitchell*, 463 U.S. 206 (1983) ("*Mitchell II*"). Based on those two cases, in order for a fiduciary duty to be enforceable through an action for money damages, "the relevant statutes and regulations must unambiguously provide that the United States has undertaken full fiduciary responsibilities as to the particular aspect of the relationship complained of." *Wright v. United States*, 32 Fed.Cl 54, 56 (1994) (internal quotations and citations omitted). "The availability of a monetary remedy depends upon the extent of the role that the Government is to play in the statutory or regulatory scheme upon which plaintiff relies." *Id*. at 57. "[T]he statutes and regulations defining the activity in question must show congressional intent to assume a trust relationship with specific

**Memorandum Decision and Order - 4**

contours. . . .  The statutes and regulations at issue must be fairly susceptible to a construction that imposes particular fiduciary duties, the violation of which were contemplated to result in financial accountability."  *Id*. (internal quotations citations omitted).

In *Wright*, the court found that the "federal regulations dealing with leasing of restricted Indian land allotments do not give the Government an extensive role in the leasing process."  *Id*.  The *Wright* court concluded,

> Even if the court assumes, as it must for purposes of this motion, that the Secretary or his designees failed to comply with specific regulatory requirements, it does not follow that those requirements should be enforced by a damage remedy. These isolated obligations do not fit into a comprehensive management scheme such as that found in Mitchell II. The court is persuaded that the limited duties placed on the Secretary by Part 162 call for a correspondingly limited remedy, to wit, the right to challenge the offending leases through an administrative process that is reviewable in district court. This process is capable of protecting the allottees from improper leases, and its effectiveness is evidenced by the actual administrative outcome in this case.

*Id*.

Although Plaintiffs suggest that *Wright* is distinguishable from this case because *Wright* did not involve a claim regarding receipt of lease proceeds, that does not change the fact that the isolated obligations of the Government in Indian land does not create a comprehensive management scheme such as that found in

**Memorandum Decision and Order - 5**

*Mitchell II*.  However, the Federal Circuit has found that, although the Secretary of Interior lacks ongoing management responsibility sufficient to present a statutory and regulatory management regime comparable to that found in *Mitchell II*, the commercial leasing program does "impose an enforceable fiduciary duty on the Government under the control portion of *Mitchell II*'s control or supervision test." *Brown v. United States*, 86 F.3d 1554, 1561 (Fed. Cir. 1996) (internal quotations and citations omitted).  The Federal Circuit found that allottees do not control the leasing of their lands.  *Id*.  They can only grant leases of which the Secretary of Interior approves.  *Id*.  They can grant leases only on terms and forms that the Secretary of Interior approves.  *Id*.  And they cannot cancel a lease without the Secretary of Interior's prior approval, but the Secretary of Interior can cancel a lease without the allottee's consent.  *Id*.

     Still, that the commercial leasing regime created for trust lands imposes general fiduciary duties on the Government in its dealings with Indian allottees "'does *not* mean that any and every claim by the Indian lessor necessarily states a proper claim for breach of the trust.'"  *Id*. at 1563 (quoting *Pawnee v. United States*, 830 F.2d 187, 191 (Fed. Cir. 1987) (emphasis in original).  "[W]here no specific statutory requirement or regulation is alleged to have been breached by the Secretary [of Interior], the money claim against the government must fail."  *Id*.

**Memorandum Decision and Order - 6**

In the instant case, Defendants did not fail to approve or cancel a lease, and they did not fail to pay Plaintiffs their lease proceeds. Instead, Plaintiffs accuse Defendants of failing to pay the lease proceeds in a timely manner. However, Plaintiffs cannot point to a specific statute or regulation requiring Defendants to pay the lease proceeds to Plaintiffs within a prescribed time. The closest Plaintiffs come is 25 C.F.R. § 162.108, which requires the Government to promptly initiate appropriate collection and enforcement actions. However, Plaintiffs do not claim that the tenants failed to pay Plaintiffs. Thus, there was no need for collection or enforcement actions. Rather, Plaintiffs' claims relate to the timely disbursement of lease payments collected by the Government, which is not addressed by 25 C.F.R. § 162.108. Thus, Plaintiffs' claims fail because Plaintiffs have failed to meet the threshold requirement of asserting that the Government has failed faithfully to perform a specific statutory or regulatory duty. *See United States v. Navaho Nation*, 537 U.S. 488, 506 (2003).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (Docket No. 116) shall be, and the same is hereby, GRANTED.

The Court will enter a separate Judgment as required by Federal Rule of

**Memorandum Decision and Order - 7**

Civil Procedure 58.



DATED:  **October 16, 2006**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge